UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| LLOYD BRIDGES, SR.; LLOYD BRIDGES, JR.; LEONARD BRIDGES, II; and DARREN BRIDGES | * * * * | |
| Plaintiffs | * * | CIVIL ACTION NO. _____ |
| VERSUS | * * | SECTION: _____ |
| EAGLE, INC. (f/k/a Eagle Asbestos & Packing Co. Inc.); UNION CARBIDE CORPORATION; TAYLOR-SEIDENBACH, INC.; LIBERTY MUTUAL INSURANCE COMPANY, as insurer of WAYNE MANUFACTURING COMPANY; INTERNATIONAL PAPER COMPANY (as successor to U.S. Plywood); 3M COMPANY (individually and f/k/a Minnesota, Mining & Manufacturing Company, a/k/a 3M); VIACOM CBS, INC.; GOULDS PUMPS (IPG), INC.; GENERAL ELECTRIC COMPANY; CRANE CO.; UNIROYAL, INC.; METROPOLITAN LIFE INSURANCE COMPANY; FOSTER WHEELER ENERGY COMPANY; HOPEMAN BROTHERS, INC.; CLARK-RELIANCE CORPORATION; W&O SUPPLY, INC.; NEW ORLEANS FLOORING SUPPLY, INC.; ORION SOUTH, INC. (f/k/a Reagan Equipment Company); THE WILLIAM POWELL COMPANY; BLUEWATER RUBBER & GASKET CO.; RJ REYNOLDS TOBACCO COMPANY | * * * * * * * * * * * * * * * * * * * * * * * * * * | JUDGE: _____<br><br>MAG. JUDGE: _____ |
| Defendants | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## NOTICE OF REMOVAL

NOW INTO COURT, through undersigned counsel, comes defendant, Huntington Ingalls Incorporated (f/k/a Northrop Grumman Ship Systems, Inc., f/k/a Avondale Industries, Inc.) (hereinafter, "Avondale"), who, pursuant to 28 U.S.C. §§ 1441, 1442, and 1446, notices the

removal of the above-entitled action bearing No. 2022-6964 on the docket of the Civil District Court for the Parish of Orleans, State of Louisiana (the "State Case"), to the United States District Court for the Eastern District of Louisiana. This Court has subject matter jurisdiction under 28 U.S.C. § 1441 in that the action arises "under the Constitution, laws or treaties of the United States" within the meaning of that statute, and because Avondale was, at all material times, acting under an officer of the United States as set forth in 28 U.S.C. § 1442(a)(1). The grounds for removal are as follows:

1.

Venue is proper in this Court because it is the district court for the district in which the State Case is pending. 28 U.S.C. § 1442(a).

2.

On August 4, 2022, Plaintiffs, Lloyd Bridges, Sr., Lloyd Bridges, Jr., Leonard Bridges, II, and Darren Bridges, filed a Petition for Damages.[1] The Petition alleges that Sandra Bridges ("Decedent") was diagnosed with "lung cancer" as a result of paraoccupational exposures to asbestos from the clothing of her husband, Lloyd Bridges, Sr.[2] The Petition alleges that Lloyd Bridges, Sr. worked at Avondale from 1970 to 1985 and "used, handled, and/or was in the vicinity of others using and/or handling asbestos and/or asbestos containing products" to which he subsequently exposed Decedent.[3] Plaintiffs did not name Avondale as a defendant.[4] Plaintiffs' Petition alleges that the defendants failed "to abide by applicable state and federal regulations regulating the premises' exposure to asbestos, including but not limited to, those regulations

---

[1] Exhibit A, Petition for Damages.
[2] *Id.* at ¶¶ 3, 5, 14, 15.
[3] *Id.* at ¶¶ 14, 15.
[4] *Id.* at ¶ 2.

promulgated by the U.S. Department of Labor, pursuant to the Walsh/Healy [sic] Act and Occupational Safety and Health Act."[5]

3.

On September 19, 2022, Paramount Global ("Westinghouse") filed an Answer to Plaintiffs' lawsuit against it.[6] In its Answer, Westinghouse asserted a third party demand for strict liability and negligence against Avondale.[7] Specifically, Westinghouse adopted all allegations made by Plaintiffs against Westinghouse as allegations against Avondale, including the allegations of failing to abide by the Walsh Healey Act.[8]

4.

The Walsh Healey Act applies to U.S. government contracts with private entities exceeding $10,000.00 for the manufacturing or furnishing of goods. Through the Walsh Healey Act, the federal government issued advisories to government contractors, like Avondale, regarding asbestos and safety standards related to the levels of permissible asbestos exposure. Thus, by alleging violations of the Walsh Healey Act, Plaintiffs necessarily allege, at least in part, that the exposures occurred as a result of work Avondale performed on behalf of the United States government.

5.

Moreover, during Plaintiffs' alleged exposure period from Avondale, 1970 through 1985, Avondale constructed 108 vessels, 84 of which were pursuant to contracts with the federal government, approximately 78%. More specifically, Avondale was constructing vessels for the federal government pursuant to contracts with the United States Navy, United States Coast Guard,

---

[5] *Id.* at ¶32(K).
[6] Exhibit B, Paramount Global's Answer, Affirmative Defenses, and Third Party Demand.
[7] *Id.* at pp. 9-11.
[8] *Id.* at pp. 10-11.

and the United States Maritime Administration ("MARAD"). The government vessels constructed during the alleged exposure period included U.S. Navy Destroyer Escorts, U.S. Coast Guard Cutters, LNG Carriers, and LASH cargo vessels for MARAD (collectively, the "Federal Vessels"). The Federal Vessels were built with asbestos-containing products and materials pursuant to the Navy, Coast Guard, and MARAD's requirements. Thus, to the extent Plaintiffs are alleging exposure from asbestos-containing materials at Avondale, such exposure is necessarily attributable to asbestos-containing materials required and destined for use in the construction of the Federal Vessels.

6.

Plaintiffs' Petition, combined with Westinghouse's Third-Party Demand, revealed that Plaintiffs are claiming exposure at Avondale attributable, at least in part, to asbestos required and destined for use on U.S. Navy, U.S. Coast Guard, and MARAD vessels pursuant to Avondale's contracts with the United States government. The fact that approximately 78% of the vessels constructed during the alleged period of exposure, combined with the allegation that Avondale violated the Walsh Healy Act, indicate that Plaintiffs' allegations must relate, at least in part, to asbestos destined for use on Federal Vessels.

7.

This removal is being filed within thirty days of service of Westinghouse's Third Party Demand against Avondale on October 7, 2022, and is, therefore, timely under 28 U.S.C. § 1446.

8.

This action involves persons acting under the authority of an officer of the United States within the meaning of 28 U.S.C. § 1442(a)(1). To establish jurisdiction under this statute, a defendant must show: (1) it has asserted a colorable federal defense, (2) it is a "person" within the

meaning of the statute, (3) it has acted pursuant to a federal officer's directions, and (4) the charged conduct is related to an act pursuant to a federal officer's directions. *Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286, 296 (5th Cir. 2020) (*en banc*).

9.

Avondale is a "person" within the meaning of 28 U.S.C. § 1442(a)(1). *E.g., Savoie v. Huntington Ingalls Incorporated,* 817 F.3d 457, 461 (5th Cir. 2016).

10.

Avondale was "acting under" an "officer … of the United States or [an] agency thereof" within the meaning of § 1442(a)(1) when it built the Destroyer Escorts and Coast Guard Cutters pursuant to contracts with the U.S. Navy and U.S. Coast Guard because the federal government contracted with Avondale to perform a task that the government otherwise would have had to perform by itself—namely, to build ships "used to help conduct a war" and to further other national interests.  *E.g.*, *Watson v. Philip Morris Companies, Inc*., 551 U.S. 142, 153-54 (2007); *Savoie,* 817 F.3d at 461-62 (Avondale was acting under a federal officer in the construction of vessels for the United States Navy); *Cortez v. Lamorak Ins. Co.*, No. CV 20-2389, 2020 WL 6867250, at *5 (E.D. La. Nov. 23, 2020) (Avondale was acting under a federal officer in the construction of vessels for the United States Coast Guard).

11.

Avondale was also "acting under" a federal officer within the meaning of § 1442(a)(1) when it built the LASH cargo vessels pursuant to contracts with MARAD, because the United States government, acting through MARAD, had contracted with Avondale to perform a task that the government otherwise would itself have had to perform – to build ships for use as naval and military auxiliaries, to promote foreign and domestic commerce, and to further other important

national interests. *Wilde v. Huntington Ingalls, Inc.*, 616 F. App'x 710, 713 (5th Cir. 2015) (Avondale was acting under a federal officer in the construction of vessels for the United States Maritime Administration); *Dempster v. Lamorak Ins. Co.*, No. CV 20-95, 2020 WL 468611, at *11 (E.D. La. Jan. 28, 2020) (same).

12.

If Decedent was exposed to asbestos from work undertaken in conjunction with the construction of the Federal Vessels at Avondale's shipyard, the use of asbestos-containing materials on those vessels was required, controlled, and/or authorized by officers of the United States.

13.

Plaintiffs' claims against Avondale are claims "for or related to" acts performed under color of federal office within the meaning of the text of 28 U.S.C. § 1442(a)(1) because the charged conduct is "connected or associated with" an act under a federal officer's direction. *Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d at 296.

14.

The use and installation of asbestos-containing materials in the construction of the Federal Vessels was required by the contractual provisions and design specifications mandated by the federal government acting through the U.S. Navy, U.S. Coast Guard, and MARAD.

15.

The materials used in the construction of the Federal Vessels—including asbestos-containing materials—were the kind, type, and brand of materials specifically mandated by the Vessel Construction Contracts between Avondale and the United States government, and by the incorporated drawings, plans and specifications for the construction of the Federal Vessels.

16.

The shipbuilding process—specifically including the use and installation of asbestos-containing materials aboard the Federal Vessels—was supervised and monitored by inspectors and other representatives of the United States government to ensure that Avondale complied with the design specifications mandated by the U.S. Navy, U.S. Coast Guard, and MARAD.

17.

The inspections by representatives of the United States government included a determination that the supplies (including raw materials, components, and end products) used in the construction of the Federal Vessels were the supplies required by the contracts and specifications, including asbestos-containing thermal insulation and other asbestos-containing materials, as well as non-asbestos insulation materials. Inspections occurred throughout construction and prior to final acceptance of the Federal Vessels. If Avondale did not use the supplies required by the contracts, including asbestos-containing materials, the federal government could demand that Avondale replace the supplies with conforming materials and/or put Avondale in default of the contract.

18.

The United States government required Avondale to provide representatives of the United States government, including government inspectors, with office space and other attendant facilities within the shipyard.

19.

Extensive Dock Trials, Builder's Trials, and Sea Trials on the Federal Vessels were performed by representatives of the United Sates government prior to the delivery of each Federal

Vessel to ensure conformity with the design specifications mandated by the United States government.

20.

The United States government also promulgated specific safety rules, regulations and requirements for shipbuilding. These regulations included specific permissible safe exposure levels for asbestos pursuant to the Occupational Health and Safety Act, the Walsh Healey Act, and the U.S. Department of Labor Safety and Health Regulations for Shipbuilding, 29 C.F.R. § 1502.1, which set safety standards to meet the provisions of the Longshore and Harbor Workers' Compensation Act requirements to render Avondale's workplace safe pursuant to 33 U.S.C. § 941. Avondale was guided by and required to comply with these safety regulations during the Federal Vessels' construction.  United States government safety inspectors specifically monitored and enforced these safety regulations as well as the construction of the Federal Vessels on a day-to-day and job-specific basis.

21.

Avondale raises two colorable federal defenses to one or more of the Plaintiffs' claims in this action. First, one or more of Plaintiffs' claims are barred under the jurisprudential doctrine of government contractor immunity established by *Boyle v. United Techs. Corp.,* 487 U.S. 500 (1988), and its progeny. *Latiolais,* 951 F.3d at 297-98 (holding Avondale's *Boyle* defense is colorable). Furthermore, Plaintiffs' claims relate to the acts performed under color of federal office.

22.

The reasonably precise design specifications established by the U.S. Navy, U.S. Coast Guard, and MARAD mandated the installation of asbestos and asbestos-containing products on

the Federal Vessels. The Federal Vessels confirmed to the specifications mandated by the U.S. Navy, U.S. Coast Guard, and MARAD—the specifications mandated the use of asbestos, and Avondale built the Federal Vessels using asbestos. The United States government had knowledge of the potential hazards of asbestos-containing materials in the workplace that was equal to or superior to that of Avondale.

23.

Second, Plaintiffs' claims against Avondale are barred by the federal defense of derivative sovereign immunity as set forth in *Yearsley v. W.A. Ross Construction Co.*, 309 U.S. 18 (1940), and its progeny. *Yearsley* established that a federal government contractor, performing at the direction and authorization of a federal government officer, is immune from suit based upon performance of the contract. The *Yearsley* doctrine applies here, rendering Avondale immune from suit, because Avondale performed the at-issue acts at the direction of federal government officers acting pursuant to federal government authorization.

24.

Removal under 28 U.S.C. § 1442 does not require the consent of any defendant. *See Humphries v. Elliott Co.*, 760 F.3d 414, 417 (5th Cir. 2014); *Ely Valley Mines, Inc. v. Hartford Acc. and Indemnity Co.,* 644 F.2d 1310 (9th Cir. 1981); *Bottos v. Avakian,* 477 F. Supp. 610 (N.D. Ind. 1979), *aff'd*, 723 F.2d 913 (7th Cir. 1983).

25.

28 U.S.C. § 1442(a)(1) permits removal by third-party defendants. *IMFC Professional Services of Florida, Inc. v. Latin American Home Health, Inc.*, 676 F.2d 152, 156 (5th Cir. 1982); *Johnson v. Showers*, 747 F.2d 1228, 1229 (8th Cir. 1984); *In re Katrina Canal Breaches*, CA No. 05-4182, 2007 WL 1438739, *1-2 (E.D. La. May 15, 2007).

26.

Because this Court has federal officer jurisdiction over at least one claim asserted by Plaintiffs, it has supplemental jurisdiction over the entire action. *Savoie,* 817 F.3d at 463; 28 U.S.C. § 1367(a).

27.

With this Notice, Avondale is filing a "copy of all process, pleadings, and orders served upon" it in the State Case. 28 U.S.C. §§ 1446(a), (d). In addition, written notice is being given to all adverse parties, and a copy of this Notice is being filed with the Clerk of the Civil District Court for the Parish of Orleans, State of Louisiana.

ACCORDINGLY, Avondale hereby gives notice that the proceeding bearing Case No. 2022-06964 on the docket of the Civil District Court for the Parish of Orleans, State of Louisiana, is removed to the docket of this Court for trial and determination as provided by law, and asks that this Court enter such orders and issue such process as may be proper to bring before it copies of all records and proceedings in the State Case, and to proceed with this civil action as a matter properly removed.

Respectfully submitted,

**IRWIN FRITCHIE URQUHART & MOORE, LLC**

*/s/ David M. Melancon*
Gus A. Fritchie (#5751)
Timothy F. Daniels (#16878)
David M. Melancon (#23216)
Edward W. Trapolin (#27667)
Alison A. Spindler (#34103)
Alexander R. Saunders (#28753)
Connor W. Peth (#39499)
400 Poydras Street, Suite 2700
New Orleans, Louisiana 70130
Telephone: 504-310-2100
Facsimile: 504-310-2101
IrwinAvondale@irwinllc.com
***Counsel for Huntington Ingalls Incorporated***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Pleading was filed electronically with the Clerk of Court using the Court's CM/ECF system and a copy sent to all counsel of record by electronic means on the 4th day of November 2022.

*/S/ David Melancon*